IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VALERIE MEDINA,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:15-cr-00352-TC |

Defendant Valerie Medina moves this court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asking the court to reduce her 133-month sentence in the custody of the United States Bureau of Prisons (BOP) to time served. To date, she has served approximately 71 months of that sentence. She bases her motion on fear that her health is seriously threatened by the COVID-19 virus.

Given the record before the court, Ms. Medina has not satisfied her burden to show extraordinary and compelling reasons to release her. Accordingly, her motion (ECF No. 76) is denied.

### FRAMEWORK FOR COMPASSIONATE RELEASE ANALYSIS

Ms. Medina brings her motion under 18 U.S.C. § 3582, as amended by the First Step Act[1] (often referred to as the compassionate release statute). According to the statute, the court

---
[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

1

"may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The factors under 18 U.S.C. § 3553(a) include the nature of the crime, the defendant's characteristics and history, the danger to the public, and the sentencing range.

Before Congress passed the First Step Act, only the Bureau of Prisons (BOP) could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP. Id. § 3582(c)(1)(A). If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Id.

When the defendant has exhausted all administrative remedies, courts in this and other circuits apply a three-part test when considering a sentence reduction under § 3582(c)(1)(A)(i). United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021); United States v. Jones, 980 F.3d 1098, 1107 (6th Cir. 2020). First, the district court must determine whether extraordinary and compelling reasons exist to justify a sentence reduction. Second, the court must evaluate whether a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Third, the district court must consider any applicable statutory sentencing factors to determine whether, in its discretion, the reduction authorized by the first

two steps is warranted under the particular circumstances of the case. McGee, 992 F.3d at 1043.

The Tenth Circuit has held that USSG § 1B1.13, a policy statement issued by the United States Sentencing Commission before Congress passed the First Step Act, is not currently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" in § 3582(c)(1)(A) proceedings. McGee, 992 F.3d at 1045; United States v. Maumau, 993 F.3d 821, 832 (10th Cir. 2021). USSG § 1B1.13 only applies to motions for sentence reductions filed by the Director of the BOP; it does not apply to motions filed directly by defendants. Maumau, 993 F.3d at 836–37. Because there is no policy statement "applicable" to § 3582(c)(1)(A)(i) motions filed by defendants, district courts have the authority to exercise independent discretion in defining "extraordinary and compelling reasons." Id.; see also United States v. Dismuke, No. 2:15-CR-74 TS, 2021 WL 1424863, at *1 (D. Utah Apr. 15, 2021).

## ANALYSIS

For the reasons set forth below, the court finds that although Ms. Medina has exhausted all administrative remedies, she has not established extraordinary and compelling reasons for her early release. Because she lacks this prerequisite, the court does not address whether Ms. Medina's release would be consistent with the statutory sentencing factors described in 18 U.S.C. § 3553(a).

1. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

On July 16, 2020, Ms. Medina submitted a request for release to the Warden of FCI Victorville, where she is housed. (See Def.'s Mot. for Compassionate Release Ex. A (ECF No. 76-1).) The warden denied her request on August 24, 2020. (Mot. Ex. B (ECF No. 76-2).) Because Ms. Medina has pursued all administrative remedies, she has satisfied the exhaustion requirement.

3

## 2. EXTRAORDINARY AND COMPELLING REASONS

In Ms. Medina's motion, she asserts that she is particularly vulnerable to the COVID-19 disease based on her medical conditions. She says that she faces a high likelihood of death or permanent bodily injury should she become infected with the coronavirus and points out that a number of inmates and staff at FCI Victorville have already tested positive for the virus. (See Mot. at 2.)

To begin, the court finds that the existence of the pandemic is not by itself an extraordinary and compelling reason for release, and that the existence of infections in the facility where the defendant is incarcerated, without more, is also not a sufficient reason. See United States v. Chee, No. 2:05-CR-773-TC, 2020 WL 5258696, at *4 (D. Utah Sept. 3, 2020). But if the defendant is at risk for severe complications that could lead to serious injury or death if she contracts the virus, that is an extraordinary and compelling reason under the statute. Id.

According to the CDC, older adults and people with certain underlying medical conditions who contract COVID-19 are at increased risk for severe illness, or even death. CDC, COVID-19, People At Increased Risk (Apr. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html. A person of any age has an increased risk of severe illness if he has one or more of following CDC-identified conditions: cancer; chronic kidney disease; chronic lung diseases, including COPD (chronic obstructive pulmonary disease), asthma (moderate-to-severe); dementia or other neurological conditions; diabetes (type 1 or type 2); Down syndrome, heart conditions such as heart failure, coronary artery disease, cardiomyopathies, or hypertension; HIV infection; immunocompromised state; liver disease; overweight (body mass index greater than 25 kg/m$^2$ but less than 30 kg/m$^2$); obesity (body mass index greater than or equal to 30 kg/m$^2$ but less than 40 kg/m$^2$); severe obesity (body mass index

4

greater than or equal to 40 kg/m$^2$); pregnancy; sickle cell disease or thalassemia; smoking (current or former); solid organ or blood stem cell transplant; stroke or cerebrovascular disease; and substance use disorders. CDC, COVID-19, People With Certain Medical Conditions (Apr. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Ms. Medina has a body mass index of 30 kg/m$^2$, a condition that puts her at increased risk of severe illness due to COVID-19. She also suffers from depression and anxiety and argues that these mental health conditions weaken her immune system. But importantly, Ms. Medina has received the Moderna COVID-19 vaccine. (See BOP Medical Records, Pl.'s Opp'n Ex. C at 28 (ECF No. 78-3).)

The CDC reports that the Moderna vaccine has an efficacy rate of "94.1% against symptomatic, laboratory-confirmed COVID-19 following receipt of 2 doses." CDC, Moderna COVID-19 Vaccine Questions, https://www.cdc.gov/vaccines/covid-19/info-by-product/moderna/moderna-faqs.html#safety-efficacy (last visited May 11, 2021). Other district courts have denied compassionate release on the grounds that once a defendant is fully vaccinated, they no longer have an increased risk of illness that rises to the level of extraordinary and compelling circumstances. See, e.g., United States v. Burgoon, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) ("[E]ven assuming that defendant could or would contract COVID-19 a second time, there is no reason to believe she would experience an adverse outcome given [] her vaccination status."); United States v. Cook, 2021 WL 1589261, at *2 (E.D. Mich. Apr. 23, 2021) ("The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. The remote possibility that Defendant could contract COVID-19 and develop life-

threatening symptoms does not warrant the extraordinary remedy of compassionate release."); United States v. Gomez-Vega, No. CR 19-1382-001 KG, 2021 WL 1339394, at *4 (D.N.M. Apr. 9, 2021) ("[E]ven if the Court possessed jurisdiction to release [the defendant], his recent vaccination mitigates the extraordinary and compelling reasons outlined in his Motion").

Absent any evidence challenging the efficacy of the vaccine's protection of Ms. Medina against severe illness from COVID-19, the court does not accept that Ms. Medina's conditions constitute extraordinary and compelling reasons for compassionate release. The court denies Ms. Medina's request for relief on these grounds.

## ORDER

For the foregoing reasons, Defendant Valerie Medina's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 76) is DENIED.

DATED this 18th day of May, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge